# EXHIBIT "A"

| | |
|---|---|
| NELSON LEVINE de LUCA & HAMILTON<br>BY: RICHARD J. BOYD, JR., ESQUIRE<br>IDENTIFICATION NO.: 84035<br>518 TOWNSHIP LINE ROAD, SUITE 300<br>BLUE BELL, PA 19422<br>(215) 358-5122 | ATTORNEYS FOR PLAINTIFFS<br>JOSEPH & KIRSTEN BARDROFF |
| JOSEPH BARDROFF AND KIRSTEN BARDROFF<br>125 Moore Drive<br>Media, PA 19063<br>        Plaintiff(s)<br>    v.<br>ELECTROLUX HOME PRODUCTS, INC.<br>10200 David Taylor Drive<br>Charlotte, NC 28262<br>        Defendant(s) | IN THE COURT OF COMMON PLEAS DELAWARE COUNTY<br><br>CIVIL ACTION NO: 12 4966 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE, Delaware County Bar Association
Front & Lemon Streets, P.O. Box 466
Media, PA 19063
(610) 566-6625

| | |
|---|---|
| NELSON LEVINE de LUCA & HAMILTON<br>BY: RICHARD J. BOYD, JR., ESQUIRE<br>IDENTIFICATION NO.: 84035<br>518 TOWNSHIP LINE ROAD, SUITE 300<br>BLUE BELL, PA 19422<br>(215) 358-5122 | ATTORNEYS FOR PLAINTIFFS<br>JOSEPH & KIRSTEN BARDROFF |
| JOSEPH BARDROFF AND KIRSTEN BARDROFF<br>125 Moore Drive<br>Media, PA 19063<br>　　　Plaintiff(s)<br>　　v.<br>ELECTROLUX HOME PRODUCTS, INC.<br>10200 David Taylor Drive<br>Charlotte, NC 28262<br>　　　Defendant(s) | IN THE COURT OF COMMON PLEAS DELAWARE COUNTY<br><br>CIVIL ACTION NO: 12 4966 |

## COMPLAINT

Plaintiffs, Joseph Bardroff and Kirsten Bardroff, by and through their undersigned counsel, hereby demand judgment against Defendant, and complain against it as follows:

1. Plaintiffs, Joseph Bardroff and Kirsten Bardroff, are adult individuals who, at all times relevant hereto, owned and resided at the home located at 125 Moore Drive, Media, PA 19063 (hereinafter "the premises").

2. At all times relevant hereto, Defendant, Electrolux Home Products, Inc. (hereinafter "Electrolux") was, upon information and belief, a Delaware corporation and was regularly conducting business in the Commonwealth of Pennsylvania, County of Delaware.

3. Defendant, Electrolux, at all times relevant hereto, was in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing home appliances, including the stackable washer/dryer at issue in this case.

4. On or about June 14, 2010, a fire erupted in the dryer portion of the stackable washer/dryer (hereinafter "product") at the subject premises causing extensive damage to

plaintiffs' real and personal property, as well as the imposition of additional expenses and hardship besides, which was directly and proximately caused by Defendant and is further and more fully described below.

## COUNT I – NEGLIGENCE
## PLAINTIFFS v. ELECTROLUX

5.  Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

6.  The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant, by and through its employees, agents, technicians, vendors, subcontractors and/or servants, more specifically described as follows:

   a. failing to exercise reasonable care in the following manner:

      i. failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product;

      ii. failing to properly inspect and/or test the product and/or its component parts;

      iii. failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

      iv. failing to provide safe and adequate warnings or instructions with the product; and /or

      v. manufacturing, marketing, distributing and/or selling the product when the Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

   b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

   c. failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d.      failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e.      failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

    f.      failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

7.     As a direct and proximate result of the negligence and carelessness of Electrolux, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardships, in an amount well in excess of $50,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Electrolux Home Products, Inc., in an amount well in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – STRICT LIABIILTY
### PLAINTIFFS v. ELECTROLUX

8.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

9.     The defendant, at all times relevant hereto, was engaged in the business of, inter alia, designing, assembling, manufacturing, testing, selling and/or distributing, *inter alia,* dryers, and, specifically did so with the product at issue in this case.

10.    Electrolux designed, manufactured, distributed, tested and/or sold the subject product in a defective condition, unreasonably dangerous to consumers.

11. Electrolux knew or should have known that the subject product would, and did, reach the subject property without substantial change from the condition in which originally distributed and sold.

12. The aforementioned defects consisted of:

   (a) design defects;
   (b) manufacturing defects;
   (c) component defects;
   (d) a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

13. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship, in an amount well in excess of $50,000.00.

14. For these reasons, the defendant is strictly liable to plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts, the Restatement (3d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant, Electrolux Home Products, Inc., in an amount well in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III-BREACH OF EXPRESS AND IMPLIED WARRANTIES
## PLAINTIFFS vs. ELECTROLUX

15. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

16. At the time of the sale and/or distribution of the subject product, the defendant had reason to know the particular purpose to which the subject product would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, the defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

17. In addition, the defendant breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

18. In addition, the defendant breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (The defendant has better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

19. Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by the defendant of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

20. Plaintiffs have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Electrolux Home Products, Inc., in an amount well in excess of $50,000.00, plus costs incident to this suit,

delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                NELSON LEVINE de LUCA & HAMILTON

                BY: _____
                RICHARD J. BOYD, JR., ESQUIRE
                ATTORNEYS FOR PLAINTIFFS
                JOSEPH & KIRSTEN BARDROFF

Dated: 9/25/12

## VERIFICATION

I, RICHARD J. BOYD, Jr., ESQUIRE, do hereby state that I am counsel for Erie Insurance Exchange, the real party in interest in the within action, and as such do hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
RICHARD J. BOYD, Jr.

Dated: 9/25/12

NELSON LEVINE de LUCA & HAMILTON
BY: RICHARD J. BOYD, JR., ESQUIRE
IDENTIFICATION NO.: 84035
518 TOWNSHIP LINE ROAD, SUITE 300
BLUE BELL, PA 19422
(215) 358-5122

ATTORNEYS FOR PLAINTIFFS
BARDROFF, JOSEPH & KIRSTEN

| | |
|---|---|
| JOSEPH BARDROFF AND KIRSTEN BARDROFF<br>    Plaintiff(s)<br>        v.<br>ELECTROLUX HOME PRODUCTS, INC.<br>    Defendant(s) | IN THE COURT OF COMMON PLEAS DELAWARE COUNTY<br><br>CIVIL ACTION NO: 12 4966 |

## CERTIFICATE OF SERVICE

I, Richard J. Boyd, Jr., Esquire, hereby certify that a true and correct copy of the Complaint was served on September 25, 2012, upon counsel listed below by United States Mail, postage prepaid.

>   Cheryl M. Nicolson, Esquire
>   Nicolson Law Group
>   Rose Tree Corporate Center II
>   1400 N. Providence Road, Suite 6050
>   Media, PA 19063

NELSON LEVINE de LUCA & HAMILTON

BY: _____
    RICHARD J. BOYD, JR., ESQUIRE
    ATTORNEYS FOR PLAINTIFFS JOSEPH
    & KIRSTEN BARDROFF

Dated: 9/25/12